JOURNAL ENTRY AND OPINION
{¶ 1} James Schuerger ("Schuerger") appeals the decision of the Cuyahoga County Court of Common Pleas, contending that the trial court erred when it failed to award punitive damages and damages for pain and suffering against Jeffrey Clevenger ("Clevenger"). Further, Schuerger appeals the grant of summary judgment in favor of Litehouse Products, Inc. ("Litehouse"). Clevenger appeals the default judgment against him, alleging improper service. Both appeals were consolidated. The trial court's decision is affirmed in part and vacated in part and remanded.
 {¶ 2} This action arose out of an altercation that occurred at Champion Sports Grill. Clevenger was present, along with numerous fellow employees, for a farewell party for one of Litehouse's departing employees. Clevenger became intoxicated and later that evening assaulted Schuerger, another patron at the establishment. Schuerger suffered severe injuries, including permanent vision loss. Schuerger contended that he had past and future medical bills and lost wages totaling $105,144.64.
 {¶ 3} Originally, Schuerger filed a lawsuit against defendants Clevenger, Litehouse, and Mustang BG, Inc., dba Champion Sports Grill on March 2, 2001. On March 15, 2002, Schuerger voluntarily dismissed his complaint.
 {¶ 4} On March 13, 2003, Schuerger refiled his lawsuit naming the same three defendants. In September, Litehouse filed a motion for summary judgment, which was granted. Then in February 2004, Schuerger settled and dismissed his claims against Mustang BG. Trial against Clevenger was set for July 2004. Clevenger failed to appear, and the court granted Schuerger's motion for default and awarded Schuerger $105,150, plus $30,000 in attorney's fees.
 {¶ 5} Schuerger appeals, advancing two assignments of error, and Clevenger cross-appeals, advancing two assignments of error. The assignments of error will be addressed out of order.
 {¶ 6} Schuerger's second assignment of error reads as follows:
 {¶ 7} "The Trial Court erred in granting Summary Judgment in favor of Defendant, Litehouse Products, Inc."
 {¶ 8} Schuerger argues that Litehouse's action in maintaining an unlimited bar tab for the benefit of its employees provided substantial encouragement and financial motivation for the bar to breach its statutory duty by continuing to serve liquor to an obviously intoxicated Litehouse employee, Clevenger. Schuerger contends that he presented sufficient evidence to establish a prima facie case of negligence and that the trial court erred in granting Litehouse's motion for summary judgment.
 {¶ 9} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Community College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party."State ex rel. Dussell v. Lakewood Police Dept., 99 Ohio St.3d 299, 300-301,2003-Ohio-3652, citing State ex rel. Duganitz v. Ohio Adult Parole Auth.,77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 10} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O.Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 680,1998-Ohio-602. Whether a duty exists is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
 {¶ 11} Schuerger cites Great Central Ins. Co. v. Tobias (Apr. 9, 1987), Franklin App. No. 86AP-820, for the proposition that Litehouse can be held liable for encouraging the bar to supply alcohol to an intoxicated patron. In that case, Tobias offered to pay decedent $100 if he could drink ten shots of whiskey in rapid succession. Tobias purchased the shots, and the decedent consumed all ten, took the money, left, and crashed into a string of railroad cars. He died. A settlement was reached between the tavern's insurance company and the widow. The insurance company sued Tobias for contribution. The trial court granted summary judgment in favor of Tobias. The Tenth Appellate District reversed, basing its decision on a concert of action theory set forth in Section 876(b) of the Restatement of Law 2d, Torts (1979). The court held that a tavern patron who gives substantial encouragement to a tavern keeper to serve liquor to an intoxicated person in violation of R.C. 4301.22(B), knowing such service is tortious, may be jointly liable with the seller for the foreseeable consequences of the violation.
 {¶ 12} The Supreme Court of Ohio reversed, finding that "the tavern keeper's duty, imposed by R.C. 4301.22(B), may not be enlarged and extended vicariously, through a `conduit' who, like appellant [Tobias], purchases alcohol from the tavern keeper and gives it to a fellow patron."Great Central Ins. Co. v. Tobias (1988), 37 Ohio St.3d 127, 129. "The facts here only involve the knowledge of liquor sales by Rainbow Lanes to appellant [Tobias], who was not intoxicated." Id. Further, the court noted that appellee, the tavern's insurance company, did not concede liability on the part of the insured. The court reasoned that the concert of action theory applies only when the principal actor's behavior amounts to tortious conduct. The court stated "[s]ince we have determined that the tavern keeper here did not breach the duty of care owed to his patrons, the theory of joint liability for the encouragement of tortious conduct adopted by the court of appeals cannot apply to appellant under these circumstances." Id. at 131.
 {¶ 13} Finally, the Supreme Court of Ohio noted that "[w]e are not faced with, nor do we decide herein, whether a cause of action exists against a tavern patron who encourages the tavern keeper to sell liquor to an intoxicated person." Id. This is the theory under which Schuerger argues liability on the part of Litehouse.
 {¶ 14} Schuerger's argument is ultimately based on the Restatement of the Law 2d, Torts (1979), Section 876. This section is divided into three parts; only part (b) is relevant here. This section states, "[f]or harm resulting to a third person from the tortious conduct of another, one is subject to liability if he * * * (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself * * *." The comment on clause (b) states that "[i]f the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the other's act."
 {¶ 15} Here, Schuerger contends that because Litehouse, the employer, provided an open bar tab for its employees, Litehouse provided substantial encouragement and financial motivation for the tavern to serve to intoxicated individuals. We find Schuerger's argument unpersuasive. There is no more encouragement or financial motivation present in this case than in the case of an intoxicated individual putting cash on the bar and requesting a drink. The tavern gets paid in both situations, and the tavern is liable either way. See R.C. 4301.22. Litehouse's act of providing a bar tab, without more, is not substantial encouragement to permit liability based upon a concert of action theory; therefore, it was not error for the trial court to grant the summary judgment in favor of Litehouse.
 {¶ 16} Schuerger's second assignment of error is overruled.
 {¶ 17} Clevenger's first assignment of error states:
 {¶ 18} "The trial court committed reversible error by entering a judgment against the Appellant when he was not validly served with a Summons and a copy of the Complaint and where the trial court did not have personal jurisdiction over the Appellant."
 {¶ 19} The record reflects that Clevenger was served with a summons and copy of the complaint at 4691 Ringsbury Road, Medina, Ohio 44106. Clevenger argues that there is no such address and further that his attorney, who had represented him in the first action, filed with the court a document captioned "notice of non-service." This notice informed the court that Clevenger had not been served, that he did not live at that address, and that he, the attorney, was not authorized to accept service on Clevenger's behalf. It was filed on the answer date, May 15, 2003.
 {¶ 20} The trial court found that service had been perfected, and when Schuerger failed to appear at trial, a default judgment was entered against him.
 {¶ 21} Civ.R. 4.1(1) requires that service be made by certified mail unless otherwise provided by the rules. Civ.R. 4.6(D) provides for service by ordinary mail when service by certified mail has been returned unclaimed:
"If a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. * * * Service shall be deemed complete when the factof mailing is entered of record, provided that the ordinary mail envelopeis not returned by the postal authorities with an endorsement showingfailure of delivery."
(Emphasis added.)
 {¶ 22} In Ramirez v. Shagawat, supra, this court stated "[a] `certificate of mailing' must be a United States Postal Service confirmation of mailing," citing Gen. Motors Acceptance Corp. v. Kollert
(1986), 33 Ohio App.3d 274, 275. This court went on to say that "service is `deemed complete' under Civ.R. 4.6(D) when: (1) the `certificate of mailing,' time-stamped by the United States Postal Service, is entered upon the record and (2) the ordinary mail envelope is not returned to the court with an endorsement showing failure of delivery," citing Hayes v. Gradisher (Oct. 30, 1996), Summit App. No. 17791.
 {¶ 23} General Motors and Hayes, however, were clarified in Talarekv. Miles (July 23, 1997), Lorain App. No. 96CA006567. In Talarek, Miles argued that a "certificate of mailing" must be a United States Postal Service confirmation of mailing; the Ninth Appellate District Court disagreed. "Miles relies on Headland v. Dapice (Jan. 27, 1982), Summit App. No. 10364, unreported; and Gen. Motors Acceptance Corp. v. Kollert
(1986), 33 Ohio App.3d 274, 275, among other authorities, for the proposition that a `certificate of mailing' must be a United States Postal Service confirmation of mailing." Id. The court explained that inHeadland v. Dapice, supra, service did not comply with Civ.R. 4.6 where the plaintiff filed a praecipe for service by regular mail but there wasnothing entered in the record to demonstrate that process was in fact mailed. Id.
 {¶ 24} The court further explained that in Gen. Motors AcceptanceCorp. v. Kollert, it found insufficient evidence of service where the record contained only an undated letter stating that the complaint had been sent by ordinary mail but where no filing stamp appeared on the letter. "Implicit in that [Gen. Motors] decision was the absence of any `fact of mailing * * * entered of record' as required by Civ.R. 4.6(D)." (Emphasis added.) Id.
 {¶ 25} The Talarek court went on to explain that in Hayes v.Gradisher, supra, "we emphasized that service is `deemed complete' under Civ.R. 4.6(D) when: (1) the fact of mailing is entered upon the record; and (2) the ordinary mail envelope is not returned to the court with an endorsement showing failure of delivery. Where a docket entry supports the fact that ordinary mailing has been effected on a date certain and when the ordinary mail envelope has not been returned to the court, service is presumed to be complete." Id. at 2-6.
 {¶ 26} The court noted that in Hayes v. Gradisher, supra, a "certificate of mailing" had in fact been prepared by the United States Postal Service, but service was nonetheless defective because the certificate had never been time-stamped; therefore, it did not show evidence of a "filing by the clerk" as required by Civ.R. 4.6(D). The court stated that "The principle underlying Hayes is that `a court speaks only through its journal,'" citing Masturzo v. Revere Rd. Synagogue
(1994), 98 Ohio App.3d 347, 350, citing Schenley v. Kauth (1953),160 Ohio St. 109, paragraph one of the syllabus. "The fact of mailing is determined from the record, not through certificates and letters that are not journalized." (Emphasis in original.) Id. In Talarek, certified mail was sent to Miles' current tax mailing address. Next, there was a docket entry stating that certified mail notification was returned unclaimed and that the clerk notified Talarek. The record next contained a time-stamped copy of the Talarek's request for ordinary mail service to Miles. Following this, there was a docket entry stating that the summons and complaint were sent by ordinary U.S. mail to Miles. The fact of mailing was entered into the record, and the ordinary mail envelope was not returned to the court; therefore, the court concluded that Talarek complied with Civ.R. 4.6 in his efforts to serve Miles, and the presumption of completed service attached.
 {¶ 27} In the case at bar, the original complaint (in the first action) was sent to Jeffrey A. Clevenger, 4691 Ringsbury Road, Medina, Ohio 44106, and service was perfected. After answers were filed and depositions taken, the case was dismissed without prejudice and then refiled. Certified mail was sent to the same address and returned unclaimed. Schuerger's attorney was notified and then requested, in writing, that regular mail be sent to Clevenger at the same address. The docket reflects the following: "Sums Complaint (3687354) sent by regular mail service. To: Jeffrey A. Clevenger, 4691 Ringsbury Road, Medina, Ohio 44106-0000 Answer date: 05/15/2003." Regular mail was not returned as undeliverable, and the trial court found that service was perfected.
 {¶ 28} Civ.R. 4.6(D) requires that only the fact of the mailing be entered on the record and that the regular mail was not returned as undeliverable. We emphasize that the court speaks through its journal and not through certificates and letters that are not journalized. In this case, the record reveals that regular mail was sent out and not returned as undeliverable.
 {¶ 29} Clevenger argues that there is no such address, yet he states that at one time he lived at 4691 "Kingsburg" Road, Medina, Ohio 44256, but had not lived there since his grandmother passed away. Although Clevenger does not dispute that service was perfected at that address previously, he now contends that the typographical error and incorrect zip code are fatal to service the second time through. Further, he asserts that Schuerger was aware from the time of Clevenger's deposition in the first case that he did not live at that address.
 {¶ 30} The record reveals that the zip code was incorrect; however, the city was accurate and the post office corrected the zip code. Furthermore, the actual name of the street is "Kingsbury" Road and not "Ringsbury" Road, as Schuerger addressed it, and not "Kingsburg" Road, as Clevenger claims. Even with the typographical error and incorrect zip code, the certified mail and regular mail were not returned as undeliverable, and service was perfected there originally. Further, at oral argument, this court was informed that during his deposition, Clevenger acknowledged that the Medina address was his permanent address.[1]
 {¶ 31} "[D]ue process requires that service be accomplished in a manner reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action, and to give them an opportunity to appear. A determination of whether notice was reasonably calculated to reach the interested party requires a case-by-case examination of the particular facts." C W Inv. Co. v. MidwestVending, Inc., Franklin County App. No. 03AP-40, 2003-Ohio-4688. The trial court's determination of whether service by ordinary mail was completed will not be disturbed absent an abuse of discretion. Ramirezv. Shagawat, supra.
 {¶ 32} Service was perfected at the flawed address in the original case. The journal entry indicates that regular mail was sent out in the second case and it was not returned as undeliverable. Clearly, Clevenger's attorney had to speak with Clevenger in order to file his "notice of non-service" to claim that Clevenger had not been served. Under these facts, it was not an abuse of discretion for the trial court to rule that service by ordinary mail was completed because Schuerger's attempts at serving Clevenger were reasonably calculated to apprise him of the pendency of the action. The civil rules were adopted to level the playing field, not to give wrongdoers an advantage.
 {¶ 33} Clevenger's first assignment of error is overruled.
 {¶ 34} Clevenger's second assignment of error states:
 {¶ 35} "The judgment is not supported by any competent, credible evidence in the record and thus must be reversed."
 {¶ 36} Clevenger argues that there is nothing properly in the record before this court that establishes Schuerger's alleged damages because not all documents submitted by Schuerger were filed with the clerk pursuant to Civ.R. 5(E) and App.R. 9(A).
 {¶ 37} App.R. 9(A) defines the composition of the record on appeal. It states that "the original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." (Emphasis added.)
 {¶ 38} Civ.R. 5(E) states: "[t]he filing of documents with the court, as required by these rules, shall be made by filing them with the clerk of court, except that the judge may permit the documents to be filed withthe judge, in which event the judge shall note the filing date on thedocuments and transmit them to the clerk." (Emphasis added.)
 {¶ 39} Here, Schuerger claims to have "filed" the documents with the judge during the default hearing, but the trial judge did not note the filing date on the documents, and in absence of a transcript of the hearing showing that the documents were accepted by the court for filing or a copy time-stamped by the clerk of court, the documents establishing Schuerger's damages are not part of the record.
 {¶ 40} Clevenger's second assignment of error is sustained; the default judgment is vacated, and the case is remanded.[2]
This cause is affirmed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellees share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., Concur.
[1] Only a partial copy of Clevenger's deposition was filed with the court.
[2] Schuerger's first assignment of error, which states, "[t]he Trial Court erred in failing to include an award for punitive damages and pain and suffering in its judgment in favor of Plaintiff, James P. Schuerger, and against Defendant, Jeffrey A. Clevenger," is moot.