JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Michelle Lee, appeals the decision of the trial court, which granted summary judgment in favor of appellee, Eric Norton. Upon review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On May 9, 2005, Lee filed a complaint in the common pleas court against Norton alleging legal malpractice.[1] In her complaint, she claimed that Norton negligently represented her in a civil action titledMichelle Lee v. City of Shaker Heights[2] At a case management conference held on September 14, 2005, the trial court established pertinent dates and deadlines, including a deadline of March 14, 2006 for the filing of dispositive motions. No such motions were filed prior to that deadline.
 {¶ 3} On April 3, 2006, Norton filed a motion for leave to file summary judgment instanter, which included his motion for summary judgment and supporting documentation. Copies of the motions and applicable evidentiary materials were served on Lee. On April 12, 2006, the trial court granted Norton's motion for leave stating the following:
 {¶ 4} "Defendant's motion for leave to file motion for summary judgment instanter (filed 4/03/2006) is granted. Plaintiff has 30 daysfrom the date of this order to respond to said motion. * * * NOTICE ISSUED." (Emphasis added.) (J.E. 04/12/2006.)
 {¶ 5} Lee failed to file a response to the motion for summary judgment within 30 days, as ordered by the trial court. Norton's motion for summary judgment was granted by the trial court on May 25, 2006.
 {¶ 6} Lee appeals, asserting the following assignment of error:
 {¶ 7} "I. The trial court erred when granting summary judgment to appellee Eric Norton."
 {¶ 8} In her sole assignment of error, appellant contends that the trial court improperly granted summary judgment in favor of appellee. She argues that there was no motion for summary judgment properly before the trial court because there was no filing consistent with Civ.R. 5(E). She bases her argument on the contention that, although appellee filed a motion for leave to file summary judgment instanter, which included the motion for summary judgment, he never separately filed the motion for summary judgment after the trial court granted his motion for leave on April 12, 2006.
 {¶ 9} We find no merit in this argument. This court has held that a trial court is within its discretion to consider a pleading that is properly attached to a motion for leave to file instanter. Wilsman Schoonover, LLC v. Millstein, Cuyahoga App. No. 82006, 2003-Ohio-3258; Tomko v. McFaul (1999), 133 Ohio App.3d 742, 729 N.E.2d 832. In arguing against such discretion by the trial court, appellant cites two cases:Schuerger v. Clevenger, Cuyahoga App. Nos. 85128 and 85129,2005-Ohio-5333, and Eady v. East Ohio Gas (May 10, 2000), Summit Cty. App. No. 19598. While these cases provide rulings where the court did not accept certain documents as properly filed, neither case is applicable to the trial court's actions in the case before us.
 {¶ 10} In Schuerger, supra, the issue before this court was whether certain documents that went to proving damages were properly filed pursuant to Civ.R. 5(E). The documents in question were not filed with the clerk's office, but were handed to the trial court in the midst of a proceeding. Thereafter, the trial court did not take any steps toward marking them as filed or filing them with the clerk's office. Under those circumstances, this court held the following:
 {¶ 11} "Civ.R. 5(E) states: `the filing of documents with the court, as required by these rules, shall be made by filing them with the clerk of court, except that the judge may permit the documents to be filedwith the judge, in which event the judge shall note the filing date onthe documents and transmit them to the clerk,'
 {¶ 12} "Here, Schuerger claims to have `filed' the documents with the judge during the default hearing, but the trial judge did not note the filing date on the documents and, in absence of a transcript of the hearing showing that the documents were accepted by the court for filing or a copy time-stamped by the clerk of court, the documents * * * are not part of the record." Schuerger, supra at 18.
 {¶ 13} The holding in Schuerger relates to circumstances where documents are presented to the trial court in lieu of filing them directly with the clerk of court. In Schuerger, we held that there must be some notation made or action taken by the trial court to demonstrate that the documents have become part of the record pursuant to the "exception" portion of Civ.R. 5(E). In the case at bar, the document in question was directly filed with the clerk of courts as an attachment to a motion for leave to file. The entirety of the filing was, in essence, accepted and time stamped by the clerk's office. Thus, the document was sufficiently filed pursuant to Civ.R. 5(E), and the Schuerger decision does not apply here.
 {¶ 14} As for the court's decision in Eady, supra, the procedural history of that case is very different from this case. In Eady, a motion for default judgment was filed after the defendant failed to file an answer to the complaint. Six days later, the defendant filed a motion for leave to file answer instanter. Thereafter, the trial court granted the default judgment and did not rule on the motion for leave to file. Subsequently, the defendant moved to set aside the default judgment, invoking Civ.R. 55(B) and 60(B). The trial court granted defendant's motion, but again did not mention any ruling as to the motion for leave to file instanter or any indication that the attached answer had automatically been filed pursuant to the vacation of the default judgment. Consequently, the trial court continued to view the complaint as unanswered and granted a second default judgment in favor of the plaintiffs. In upholding the trial court's actions, the 9th Dist. held the following:
 {¶ 15} "[A]n answer attached as an exhibit to a motion for leave to file instanter does not become operative as a pleading, absent anexpress statement by the trial court. Pollack v. Watts (Aug. 10, 1998), Fairfield App. No. 97CA0084, unreported, * * * at 8. A trial court may vacate a previous judgment for excusable neglect without granting a party's motion for leave to file an answer instanter. The vacation of a judgment and the granting of a motion for leave to file are two separate concepts. As such, the vacation of a default judgment on the grounds of excusable neglect does not automatically grant a party leave to file an answer instanter." (Emphasis added.) Eady, supra, at 4.
 {¶ 16} In a footnote, the court continued that, "[t]his is not to say, however, that a trial court could not, in a single entry, vacate a default judgment and expressly grant such a motion." Eady, supra, n1. Thus, the decision in Eady stands for the proposition that a trial court's vacation of a default judgment does not automatically transform a formerly filed answer instanter into an operative pleading without such expression by the trial court. It is in the trial court's discretion to grant the pleading instanter or not. In Eady, supra, the trial court found that "[a]n express statement granting [the] motion for leave to file is not in the record, and as such, the motion is presumed to have been overruled." Eady, supra, at 5, citing Maust v. Palmer
(1994), 94 Ohio App.3d 764, 769, 641 N.E.2d 818. Therefore, the court found that the trial court never granted the motion for leave to file answer instanter because the trial court never expressed any ruling on the motion.
 {¶ 17} That is not the situation in the case at bar. Here, the trial court did expressly grant appellee's motion for leave to file summary judgment instanter. Furthermore, the trial court expressly ordered the appellant to respond to the motion for summary judgment within 30 days. Thus, the decision in Eady, like the decision in Schuerger, does not apply to our ruling here. What is pertinent, pursuant to case law, is that a trial court is granted the discretion to consider a pleading that is properly attached to a motion for leave to file instanter.
 {¶ 18} We review the trial court's decision to rule on the motion for summary judgment under an abuse of discretion standard. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140.
 {¶ 19} We do not find that the trial court acted unreasonably, arbitrarily or unconscionably in considering appellee's motion for summary judgment as properly filed along with his motion for leave instanter. When the motion for leave to file instanter was filed, appellee had attached the motion for summary judgment directly to it, along with evidence in support of the motion. Copies of these documents were served on appellant, so she had the materials necessary to respond to the motion for summary judgment. The trial court granted the motion for leave to file instanter on April 12, 2006 and simultaneously ordered appellant to respond to the motion for summary judgment within 30 days of that order — not within 30 days after a subsequent filing of a separate motion for summary judgment. The trial court clearly treated the motion for summary judgment as properly filed, and appellant was unambiguously ordered to respond to that motion. Appellant never filed a response to the motion for summary judgment.
 {¶ 20} Appellant has not shown any prejudicial effect of the trial court ruling on the motion for summary judgment. She was served with a copy of the motion for summary judgment as an attachment to appellee's motion for leave to file instanter. The trial court subsequently granted appellee's motion for leave and ordered appellant to respond to the motion for summary judgment. She did not respond. We therefore find that appellee's motion for summary judgment was properly filed, and the trial court did not abuse its discretion in ruling on it.
 {¶ 21} We further review the granting of summary judgment de novo.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul
(1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 22} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267.
 {¶ 23} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138. In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264, however, the Ohio Supreme Court modified and/or clarified the summary judgment standard stating, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact or material element of the nonmovingparty's claim.'" Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 24} Appellee established in his motion that he is entitled to summary judgment as a matter of law by illustrating a lack of evidence for appellant to sustain a legal malpractice lawsuit. Considering that appellant failed to respond to the motion for summary judgment, she clearly failed to set forth any specific facts showing that any genuine issues of material fact remained to be litigated.
 {¶ 25} Since we find that the trial court did not abuse its discretion in ruling on appellee's motion for summary judgment as properly filed, and appellant never responded to the motion, we find that the trial court's granting of the motion was proper and should be upheld.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and SEAN C. GALLAGHER, J., CONCUR.
[1] The complaint also named Chapman Law Firm, L.L.C. as a defendant; however, that party was dismissed from litigation on May 25, 2006 for failure to perfect service, pursuant to Civ.R. 3(A). Appellant does not challenge the dismissal, and that party is not a party to this appeal.
[2] Cuyahoga County Common Pleas Court Case No. CV-03-501880.