DEVRIES DAIRY, L.L.C. *v.* WHITE EAGLE COOPERATIVE

ASSOCIATION, INC., ET AL.

[Cite as *DeVries Dairy, L.L.C. v. White Eagle Coop. Assn., Inc.,*

132 Ohio St.3d 516, 2012-Ohio-3828.]

*Restatement 2d of Torts, Section 876—Tortious acts in concert—Certified question of state law answered in the negative.*

(No. 2011-1995—Submitted July 10, 2012—Decided August 28, 2012.)

ON ORDER from the United States District Court for the Northern District of Ohio, Western Division, Certifying a Question of State Law, No. 3:09cv207.

_____

{¶ 1} On November 28, 2011, the United States District Court for the Northern District of Ohio, Western Division, certified the following question of state law to this court: "Under the applicable circumstances, does Ohio recognize a cause of action for tortious acts in concert under the Restatement (2d) of Torts, § 876?" 131 Ohio St.3d 1436, 2012-Ohio-331, 960 N.E.2d 986. On July 10, 2012, we heard oral argument in this case.

{¶ 2} The certified question is answered in the negative. This court has never recognized a claim under 4 Restatement 2d of Torts, Section 876 (1979), and we decline to do so under the circumstances of this case.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 3} Pursuant to S.Ct.Prac.R. 18.6, we have accepted a question certified by the United States District Court for the Northern District of Ohio,

Western Division.  The question asks:  "Under the applicable circumstances, does Ohio recognize a cause of action for tortious acts in concert under the Restatement (2d) of Torts, §876?"

{¶ 4}  Today, without opinion, the court answers the certified question in the negative.  To the contrary, it seems clear that Ohio does recognize a cause of action for tortious acts in concert.

{¶ 5}  In *Great Cent. Ins. Co. v. Tobias*, 37 Ohio St.3d 127, 130, 524 N.E.2d 168 (1988), this court stated, "[A]ppellee argues, and the court of appeals held, that appellant could be liable on a concert of action theory as set forth within Section 876(b) of the Restatement of the Law 2d, Torts, 315."  This court did not state that Ohio does not recognize a cause of action for tortious acts in concert.  Instead, it stated that the tort "has application only when the principal actor's behavior amounts to tortious conduct," which, under the circumstances of that case, it did not.  *Id*. at 131.

{¶ 6}  In *Pierce v. Bishop*, 4th Dist. No. 10CA6, 2011-Ohio-371, ¶ 26, the court of appeals stated that 4 Restatement of the Law 2d, Torts, Section 876 (1979), the restatement section that addresses tortious acts in concert, has been cited by this court, though "not expressly adopted."  That is a good summary of the current situation.

{¶ 7}  In my opinion, a common-law tort can apply in Ohio even if this court has not expressly recognized it.  We need look no further than *Tobias* to prove this point.  Even though we did not expressly recognize the tort in that case, we analyzed the facts of the case in relation to the elements of the tort and concluded that the elements had not been satisfied.  *Tobias*, 37 Ohio St.3d 127, 131, 524 N.E.2d 168.  Though it does not include an express recognition of a cause of action for tortious acts in concert, *Tobias* is an example of de facto recognition.

{¶ 8}  In *Pierce*, the court of appeals engaged in a similar, though more

extensive, analysis before concluding that the elements of the cause of action of tortious acts in concert had not been established. *Pierce*, 2011-Ohio-371, ¶ 26-35. In *Boyd v. Lincoln Elec. Co.*, 179 Ohio App.3d 559, 2008-Ohio-6143, 902 N.E.2d 1023, ¶ 62 (8th Dist.), the court of appeals declined to address the plaintiff's claim that the defendants had acted in concert in committing a tort. But the court's reason for declining to address the claim was not that Ohio did not recognize the tort, but that the plaintiff had abandoned the claim. In *Schuerger v. Clevenger*, 8th Dist. No. 85128, 2005-Ohio-5333, ¶ 14-15, the court stated that the defendant's act was "not substantial encouragement to permit liability based upon a concert of action theory."

**{¶ 9}** It seems clear from the case law that courts in Ohio have treated the common-law tort of tortious acts in concert as described in 4 Restatement, Section 876 as if it is part of the law of Ohio. That no plaintiff has presented sufficient facts to establish liability for tortious acts in concert does not mean that Ohio courts have not recognized the tort.

**{¶ 10}** The district court is not asking us whether the facts of this case are sufficient to establish liability. It is asking us whether, if the facts are sufficient, a defendant can be held liable for tortious acts in concert. I would answer the question in the affirmative. Therefore, I dissent.

_____

The Miltner Law Firm, L.L.C., and Ryan K. Miltner; and Shumaker, Loop & Kendrick, L.L.P., David Wicklund, and John N. MacKay, for petitioner, DeVries Dairy, L.L.C.

Kerger & Hartman, L.L.C., and Richard Kerger; and Helfrey, Neiers & Jones, P.C., and Philip C. Graham, for respondents T.C. Jacoby & Co., Inc., and Dairy Support, Inc.

Eastman & Smith, Ltd., Jeffrey M. Stopar, John M. Carey, and Jared J. Lefevre, for respondent White Eagle Cooperative Association, Inc.

Amer Cunningham Co., L.P.A., and Thomas R. Houlihan, for amicus curiae, Ohio Association for Justice, in support of petitioner.

_____