Pfeifer, J.,
dissenting.
{¶ 3} Pursuant to S.Ct.Prac.R. 18.6, we have accepted a question certified by the United States District Court for the Northern District of Ohio, Western Division. The question asks: “Under the applicable circumstances, does Ohio recognize a cause of action for tortious acts in concert under the Restatement (2d) of Torts, § 876?”
{¶ 4} Today, without opinion, the court answers the certified question in the negative. To the contrary, it seems clear that Ohio does recognize a cause of action for tortious acts in concert.
{¶ 5} In Great Cent. Ins. Co. v. Tobias, 37 Ohio St.3d 127, 130, 524 N.E.2d 168 (1988), this court stated, “[A]ppellee argues, and the court of appeals held, that appellant could be liable on a concert of action theory as set forth within Section 876(b) of the Restatement of the Law 2d, Torts, 315.” This court did not state that Ohio does not recognize a cause of action for tortious acts in concert. Instead, it stated that the tort “has application only when the principal actor’s behavior amounts to tortious conduct,” which, under the circumstances of that case, it did not. Id. at 131.
{¶ 6} In Pierce v. Bishop, 4th Dist. No. 10CA6, 2011-Ohio-371, 2011 WL 322444, ¶ 26, the court of appeals stated that 4 Restatement of the Law 2d, Torts, Section 876 (1979), the restatement section that addresses tortious acts in concert, has been cited by this court, though “not expressly adopted.” That is a good summary of the current situation.
{¶ 7} In my opinion, a common-law tort can apply in Ohio even if this court has not expressly recognized it. We need look no further than Tobias to prove this point. Even though we did not expressly recognize the tort in that ease, we analyzed the facts of the case in relation to the elements of the tort and concluded that the elements had not been satisfied. Tobias, 37 Ohio St.3d 127, 131, 524 *518 N.E.2d 168. Though it does not include an express recognition of a cause of action for tortious acts in concert, Tobias is an example of de facto recognition.
The Miltner Law Firm, L.L.C., and Ryan K. Miltner; and Shumaker, Loop & Kendrick, L.L.P., David Wicklund, and John N. MacKay, for petitioner, DeVries Dairy, L.L.C.
Kerger & Hartman, L.L.C., and Richard Kerger; and Helfrey, Neiers & Jones, P.C., and Philip C. Graham, for respondents T.C. Jacoby & Co., Inc., and Dairy Support, Inc.
Eastman & Smith, Ltd., Jeffrey M. Stopar, John M. Carey, and Jared J. Lefevre, for respondent White Eagle Cooperative Association, Inc.
Amer Cunningham Co., L.P.A., and Thomas R. Houlihan, for amicus curiae, Ohio Association for Justice, in support of petitioner.
{¶ 8} In Pierce, the court of appeals engaged in a similar, though more extensive, analysis before concluding that the elements of the cause of action of tortious acts in concert had not been established. Pierce, 2011-Ohio-371, 2011 WL 322444, ¶ 26-35. In Boyd v. Lincoln Elec. Co., 179 Ohio App.3d 559, 2008-Ohio-6143, 902 N.E.2d 1023, ¶ 62 (8th Dist.), the court of appeals declined to address the plaintiffs claim that the defendants had acted in concert in committing a tort. But the court’s reason for declining to address the claim was not that Ohio did not recognize the tort, but that the plaintiff had abandoned the claim. In Schuergerv. Clevenger, 8th Dist. No. 85128, 2005-Ohio-5333, 2005 WL 2462070, ¶ 14-15, the court stated that the defendant’s act was “not substantial encouragement to permit liability based upon a concert of action theory.”
{¶ 9} It seems clear from the case law that courts in Ohio have treated the common-law tort of tortious acts in concert as described in 4 Restatement, Section 876 as if it is part of the law of Ohio. That no plaintiff has presented sufficient facts to establish liability for tortious acts in concert does not mean that Ohio courts have not recognized the tort.
{¶ 10} The district court is not asking us whether the facts of this case are sufficient to establish liability. It is asking us whether, if the facts are sufficient, a defendant can be held liable for tortious acts in concert. I would answer the question in the affirmative. Therefore, I dissent.