**TOMKO, Appellant,**

v.

**McFAUL, Sheriff, et al., Appellees.**

[Cite as *Tomko v. McFaul* (1999), 133 Ohio App.3d 742.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74171.

Decided June 16, 1999.

Robert B. Tomko, *pro se.*

William D. Mason, Cuyahoga County Prosecuting Attorney, and *Patrick J. Murphy*, Assistant Prosecuting Attorney, for appellees.

O'DONNELL, Presiding Judge.

Robert B. Tomko appeals from a decision of the common pleas court entering summary judgment in favor of Sheriff Gerald T. McFaul, the Cuyahoga County Prosecutor, Cuyahoga County Assistant Prosecutor Pat Murphy, and Cuyahoga County, in connection with his allegations that the county violated R.C. 341.12 by housing county prisoners in local municipal jails. After careful review of the record before us and the applicable law, we affirm the judgment of the common pleas court.

The record here reveals that Tomko spent the period from September 23, 1991 until October 22, 1991, as an inmate in the jail in the city of Maple Heights. Further, on August 13, 1993, he filed an action, *Tomko v. McFaul*, case No. 1:93CV1695, in the United States District Court for the Northern District of Ohio, against Sheriff Gerald T. McFaul, alleging constitutional violations arising from the conditions of his confinement. On June 7, 1996, Judge John M. Manos granted summary judgment on that claim in favor of Sheriff McFaul.

On March 24, 1997, Tomko filed the instant case, alleging that the sheriff, county prosecutor, and the county violated R.C. 341.12 and misused county funds by housing county prisoners in local municipal jails.

On May 12, 1997, the court granted the county's motion for an extension of time in which to answer. On June 13, 1997, Tomko filed a motion for a default judgment, which the court denied. Then on June 18, 1997, the county filed a motion for leave to file an answer instanter, which the court granted.

On October 14, 1997, the county filed a motion for judgment on the pleadings, and/or summary judgment, arguing that the complaint failed to state a claim. On February 23, 1998, the court granted that motion, stating:

"Joint motion of defendants for judgment on the pleadings or in the alternative motion for summary judgment is hereby granted in favor of all named defendants, against all claims of plaintiff herein, as a matter of law. Ohio Rev.Code 341.12 mandates that the sheriff convey prisoners 'to a jail in any county which the sheriff considers most convenient and secure.' The statute does not specify that the jail be a county facility. Additionally, the court finds that the doctrine of judicial and/or quasi-judicial immunity, and absolute prosecutorial immunity bars plaintiff's claims herein."

Tomko now appeals from this decision and sets forth the following assignments of error:

I

"*Pro se* plaintiff filed his complaint in this case on March 24, 1997, and this case was assigned to Judge James J. Sweeney, the first of three judges on the case.

On May 1, 1997, about 37 days after complaint was filed, defendants filed a motion for extension of time until May 30, 1997 in which to answer. Defendants were required to show 'excusable neglect,' but Judge Sweeney failed to grant extension of time based on 'excusable neglect.' "

## II

"Defendants failed to answer by the extended date of May 30, 1997; on June 13, 1997, *pro se* appellant filed a motion for judgment by default that Judge Sweeney ignored."

## III

"Five days after appellant filed his motion for judgment by default on June 13, 1997, on June 18, 1997 defendants filed 'motion for leave to file answer *instanter*,' and 'joint answer *instanter* of defendants Sheriff McFaul and Patrick Murphy, Assistant County Prosecutor' stapled together as one document and one filing. The defendants' 'motion for leave to file *instanter*' was on. top and stamped as filed. 'Joint answer *instanter* of defendants Sheriff McFaul and Patrick Murphy, Assistant County Prosecutor' was stapled underneath 'motion for leave to file answer *instanter*,' and 'joint answer *instanter* of defendants' was never filed in this case. 'Filing date 06/24/97 motion for leave to file answer *instanter* granted' James J. Sweeney. Was not granted based on excusable neglect. [*Sic.*]"

## IV

"Case management conference was scheduled on July 2, 1997. Judge Sweeney had the file on this case in his possession for case management conference, and saw that 'joint answer *instanter* of defendants' was not filed with the Clerk of Court. As a way of telling defendants that their 'joint answer *instanter*' was not filed with the Clerk of Court, Judge Sweeney granted defendants' 'motion for leave to file answer *instanter*' again, for the second time. 'Filing date 07/03/97 motion for leave to file answer *instanter*, filed 6/18/97, is granted. Vol 2105 Pg 379. Sweeney, James J.' Judge Sweeney did not consider defendants' 'joint answer *instanter*' filed with the Clerk of Court pursuant to Civ.R. 5(D), or with the court pursuant to Civ.R. 5(E), as such, Judge Sweeney should have granted *pro se* appellant's 'motion for judgment by default' filed on June 13, 1997. *Pro se* appellant filed a motion that Judge Sweeney be removed from this case. August 5, 1997, 'for good cause shown, this matter is hereby reassigned and transferred to the docket of Judge Callahan.' "

## V

"Judge Callahan conducted pretrial on 9/12/97, and *pro se* appellant pointed out to Judge Callahan that defendants' 'joint answer *instanter*' was not filed pursuant to Civ.R. 5, since it was stapled to, and below 'motion for leave to file answer *instanter*.' Judge Callahan pulled defendants' 'motion for leave to file answer' from the file, saw that they were stapled together, and saw that 'joint answer *instanter* of defendants' was not filed, and stated that he considers 'joint answer *instanter* of defendants' to be filed. *Pro se* appellant filed a motion, that his 'motion for judgment by default' filed on June 13, 1997 be ruled [on]. Filing date 9/18/97, Judge Callahan denied *pro se* appellant's 'motion for judgment by default,' 'in the interests of fairness and justice to allow the case to proceed on the merits.' *Pro se* appellant filed a motion to remove Judge Callahan from this case. 'Filing date 12/15/97 captioned case originally assigned to Judge Callahan and for good cause shown, this matter is hereby transferred to the docket of Judge Calabrese. [*Sic.*]' "

## VI

"*Pro se* appellant cited Revised Code 341.12 confinement of persons in custody in jail of another county, as mandating that county prisoners be confined in any county 'jail of another county.' Judge Callabrese granted summary judgment to the defendants, stating that 'Ohio Rev. Code 341.12 mandates that the sheriff convey prisoners "to a jail in any county which the sheriff considers most convenient and secure." The statute does not specify that the jail be a county facility.' "

In this case, appellant Tomko has presented five matters for our consideration, some of which raise matters outside the record and hence are beyond our ability to review. In his first argument, Tomko believes that the trial judge granted appellees an extension of time to plead for the wrong reasons. We believe that this is a matter left to the sound discretion of the trial court, and we do not find that the court abused its discretion in that ruling.

Next, Tomko points out that due to clerical preparation of pleadings in this case, the joint answer of the defendants should not have been considered as filed in accordance with Civ.R. 5, and that the court should have granted his pending motion for default. Upon review, we recognize that appellant has argued matters outside the record that we cannot review, but we recognize the substance of his position. Our conclusion is that the action taken in the trial court fell within the discretion of the court, which has not been abused in this instance.

Third, Tomko argues that the court did not hold a hearing on his default motion and asserts that the court erred in considering as filed a pleading

that does not bear the clerk's date stamp. We have previously considered the matter and find no judicial abuse of discretion.

Further, Tomko asserts that the trial court granted summary judgment based on a false interpretation of R.C. 341.12.

Civ.R. 56 provides:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In this case, the record reveals that no facts are in dispute. Hence, the issue for resolution concerns whether the defendants in the case below were entitled to judgment as a matter of law. In this regard, R.C. 341.12 provides:

"In a county not having sufficient jail or staff, the sheriff shall convey any person charged with the commission of an offense, sentenced to imprisonment in the county jail, or in custody upon civil process, to a jail in *any* county which the sheriff considers most convenient and secure." (Emphasis added.)

This section authorizes the sheriff to transfer prisoners to a jail in *any* county when the existing county facility is not sufficient or when it does not have sufficient staff. This section vests in the sheriff the discretionary function of determining which jail facility and in what county the prisoners will be held. It can be any jail anywhere in the state. In this case, the sheriff chose to exercise his authority to house prisoners in local municipal jail facilities within Cuyahoga County. We have considered Tomko's claims regarding the adequacy of local municipal jail facilities, but recognize as Judge Manos did in *Tomko v. McFaul, supra,* that neither a county nor its sheriff is responsible for the conditions of a city jail even if the county incarcerates its prisoners there. See *Deaton v. Montgomery Cty.* (C.A.6,1993), 989 F.2d 885. We are unpersuaded that R.C. 341.12 obligates a sheriff to transport prisoners to another county jail for housing when conditions of staff or space availability result in overcrowding. Accordingly, we overrule this assignment of error.

Last, Tomko argues that the court abused its discretion by granting immunity or quasi immunity to Sheriff McFaul, the Cuyahoga County Prosecutor, Pat Murphy, and Cuyahoga County. Regarding this claim, we first recognize that courts do not "grant immunity." Second, the legislature enacted R.C. 2744.03, which grants immunity to government officials for actions brought in connection with their duties. It provides:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

"(1) The political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function.

"(2) The political subdivision is immune from liability if the conduct of the employee involved * * * that gave rise to the claim of liability was required by law or authorized by law, or if the conduct of the employee involved that gave rise to the claim of liability was necessary or essential to the exercise of powers of the political subdivision or employee."

Third, the Ohio Supreme Court noted in its syllabus in *Zents v. Summit Cty. Bd. of Commrs.* (1984), 9 Ohio St.3d 204, 9 OBR 516, 459 N.E.2d 881:

"No tort action will lie against a county for those acts or omissions * * * involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion."

In this case, Tomko's claim is based upon housing prisoners in municipal jails. As we determined above, R.C. 341.12 authorized Sheriff McFaul to convey prisoners to a jail in any county that the sheriff considers most convenient and secure. This is a decision that invokes a high degree of official judgment on his part. Similarly situated is the Cuyahoga County Prosecutor and, specifically, Assistant Prosecutor Murphy, and Cuyahoga County, who also exercised professional official judgment in connection with the sheriff's decision. Thus, pursuant to R.C. 2744.03(A)(1), neither Cuyahoga County, the Cuyahoga County Prosecutor, nor the Sheriff of Cuyahoga County can personally be sued in this regard because that statute provides immunity from suit, and, on this basis, they are entitled to judgment as a matter of law. Thus, the court did not err in granting summary judgment in this case.

Accordingly, the judgment of the court is affirmed.

*Judgment affirmed.*

PATRICIA ANN BLACKMON and KILBANE, JJ., concur.