OPINION
{¶ 1} Defendant-appellant, Catherine Dana a.k.a. Catherine Johnson, appeals from a Mahoning County Court Number 3 decision granting summary judgment in favor of plaintiff-appellee, Colonial Credit Corporation.
 {¶ 2} Appellee filed a complaint against appellant on July 29, 2005. The complaint alleged that appellee had acquired the right to a claim on a particular Bank One credit card account. It further alleged that the credit card had a debt of $982.94 and that appellant was the one who owed the money. Finally, it alleged that appellee had demanded payment from appellant. However, appellant had paid no part of the balance. Appellee attached the "final statement" of account to its complaint.
 {¶ 3} Appellee next filed a motion for summary judgment. To the motion, appellee attached the affidavit of its president, Dan Varner. Varner swore to the facts alleged in the complaint.
 {¶ 4} The trial court granted appellee's motion, finding no genuine issue of material fact existed and appellee was entitled to judgment as a matter of law. It entered judgment for appellee in the amount of $982.94, plus interest.
 {¶ 5} Appellant filed a timely notice of appeal on June 22, 2006. Appellant is proceeding with this appeal pro se.
 {¶ 6} Appellant raises two assignments of error that share a common basis in law and fact. Therefore, we will address them together. They state:
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF-APPELLEE'S, COLONIAL CREDIT CORPORATION'S, MOTION FOR SUMMARY JUDGMENT."
 {¶ 8} "THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT-APPELLANT'S, CATHERINE M. DANA AKA CATHERINE JOHNSON'S, MOTION FOR SUMMARY JUDGMENT."
 {¶ 9} Appellant argues that the trial court improperly granted summary judgment to appellee. She contends that her affidavit, which she attached to her response to appellee's motion for summary judgment, supports her position. She asserts that appellee offered no proof that she is responsible for the debt alleged in the complaint. She claims that she never had an account with Bank One and that appellee has offered no proof that she ever signed for the alleged account. Appellant asserts that because appellee submitted no proof that she ever had a Bank One credit card account, the trial court should have granted summary judgment in her favor.
 {¶ 10} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. American Indus. Resources Corp. (1998), 128 Ohio App.3d 546, 552, 715 N.E .2d 1179. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State exrel. Parsons v. Flemming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc, Inc. (1995),104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 11} First, we must determine what evidence should be properly considered. Civ.R. 56(C) lists the types of summary judgment evidence a court may consider:
 {¶ 12} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
 {¶ 13} As to written admissions, Civ.R. 36(A) provides that, "[t]he matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Thus, if a party does not timely respond to a request for admissions, those matters are deemed admitted and may be used against the party for summary judgment purposes.
 {¶ 14} Appellee sent appellant a request for admissions on September 29, 2005. The admissions stated that appellant was to answer them no later than 30 days after service.
 {¶ 15} On November 4, 2005, appellee filed its first motion for summary judgment. Attached to that motion were three exhibits: (1) Varner's affidavit; (2) appellee's billing statement showing that appellant owed $982.94; and (3) a copy of the request for admissions that appellee sent appellant. Appellee argued that pursuant to Civ.R. 36(A), because appellant had not timely answered the request for admissions, all matters were deemed admitted. These admissions included the facts that appellant was the cardholder of the Bank One credit card in question, that she received an extension of credit, that she defaulted under the terms of the extension of credit, and that she owed $982.94.
 {¶ 16} That same day, appellant filed with the court a notice of sending her answers to the request for admissions to appellee.
 {¶ 17} On November 10, 2005, appellee filed a motion for leave to file an amended motion for summary judgment. In its amended motion for summary judgment, appellee omitted its argument regarding appellant's alleged admissions and this time attached only Varner's affidavit and the billing statement as exhibits.
 {¶ 18} On November 16, 2005, appellant filed her response. She attached her own affidavit in which she stated, among other things, that although appellee's request for admissions was dated September 29, 2005, it did not leave the Cleveland post office until October 4, 2005. For support, appellant attached a copy of the envelope, which indicated that as of October 4, 2005, the envelope was still in Cleveland. Appellant stated that she thereafter received appellee's discovery request, answered the questions, and returned her responses to appellee.
 {¶ 19} It seems clear that appellant did not receive the request for admissions until after October 4, 2005. Also, it is clear that she filed her responses on November 4, 2005, within the 30-day time limit. Furthermore, although appellee now argues that appellant made the admissions by failing to timely respond to them, appellee conceded that appellant satisfactorily filed responses to its request for admissions by omitting this exhibit and argument from its amended motion for summary judgment. For these reasons, we will not consider the admissions as admitted to by appellant as appellee wishes us to do.
 {¶ 20} That leaves us with two pieces of evidence to consider — Varner's affidavit with the attached billing statement and appellant's affidavit.
 {¶ 21} In his affidavit, Varner stated that he oversees credit accounts maintained by appellee. He stated that, based on his personal knowledge of appellee's business records, the balance due and owing on account number XXXX XXXX XXXX 8585 is $982.94. He stated that appellant is the account holder of this account. Furthermore, he stated that appellee had demanded payment on the account and had not received payment. Finally, Varner stated that the attached billing statement was a true copy.
 {¶ 22} The billing statement was issued by appellee. It simply states that appellant owes $982.94 on the above mentioned account. And it states that appellee is an assignee of Global Acceptance Credit Corporation, who is an assignee of Bank One.
 {¶ 23} In her affidavit, appellant stated that she has never had an account with Bank One. She further stated that she has never received information from appellee evidencing responsibility of the alleged debt.
 {¶ 24} Construing the evidence most strongly in appellant's favor, as we are required to do, leads us to the conclusion that appellant's affidavit creates a genuine issue of material fact. While Varner's affidavit states that appellant is responsible for a debt arising from a Bank One credit card, appellant's affidavit rebuts this statement. Whether or not appellant owes the debt in question revolves around whether she is the account holder of the credit card account in question with Bank One. Since a genuine issue of material fact exists on this question, summary judgment in favor of appellee was not proper. For this same reason, summary judgment in favor of appellant would also not have been proper.
 {¶ 25} Accordingly, appellant's first assignment of error has merit while her second assignment of error is without merit.
 {¶ 26} For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.
Vukovich, J. and DeGenaro, P.J., concurs.