RAMOS et al., Appellants,

v.

KHAWLI et al., Appellees.

[Cite as *Ramos v. Khawli*, 181 Ohio App.3d 176, 2009-Ohio-798.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 07 MA 220.

Decided Feb. 20, 2009.

178

Michael Callow, for appellants.

Shirley Christian and Carmen Codjoe, for appellees.

VUKOVICH, Presiding Judge.

{¶ 1} Plaintiff-appellant Elizabeth Ramos appeals the decision of the Mahoning County Common Pleas Court, which granted summary judgment in favor of defendant-appellee Kenneth Ransom, M.D. The main issue is whether summary judgment was properly entered when appellant failed to respond to requests for admissions, thus deeming those matters admitted. Appellant also contests the denial of her motions for additional time to respond to summary judgment, for leave to respond to the request for admissions, and for oral arguments on the summary judgment. Other issues involve the adequacy of the trial court's review of the magistrate's decision and the authority of the magistrate and a visiting judge to act in this case. For the following reasons, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

{¶ 2} Appellant was diagnosed with acute appendicitis, and on January 24, 2003, Dr. Ransom and an assisting physician performed surgery on appellant in order to remove her appendix. A January 27, 2003 pathology report concluded that the surgical sample contained adipose tissue and that "no obvious appendiceal structure is grossly identified." A year later, appellant again experienced pain in the same area. On February 5, 2004, a different surgeon performed an appendectomy and successfully removed the appendix.

{¶ 3} On October 4, 2004 (which is within one year of her second appendectomy, which procedure she claims is the date she received notice of Dr. Ransom's negligence), appellant provided to Dr. Ransom notice of a potential medical-malpractice claim. This notice is known as a 180–day letter because the plaintiff has 180 days to file her action if that notice is provided within the one-year statute of limitations for malpractice actions. See R.C. 2305.113(B)(1).

{¶ 4} On April 4, 2005 (the Monday after the passing of Saturday's 180–day deadline), appellant (and her husband) filed a complaint against Dr. Ransom and various other defendants, alleging negligent treatment and operation, negligent infliction of emotional distress, negligent procuring of informed consent, and loss of consortium. However, appellant voluntarily dismissed her complaint on No-

vember 2, 2005. Using the savings statute in R.C. 2305.19, appellant refiled the action on October 10, 2006, within one year of the prior dismissal.

{¶ 5} On November 17, 2006, Dr. Ransom submitted requests for admissions to appellant to be answered within 28 days. (These are said to be identical to requests submitted in the first case, to which appellant had also failed to respond.) On December 12, 2006, attorney Michael Callow filed notice of appearance on behalf of appellant. Notably, appellant's original counsel, attorney Santiago Feliciano, did not provide any indication that he was withdrawing.

{¶ 6} On February 13, 2007, the case was called for a status conference. Dr. Ransom orally sought to dismiss based upon the failure to file an "affidavit of merit," which is newly required for medical-malpractice actions under Civ.R. 10(D)(2). That same day, appellant sought "leave to amend their complaint, including an affidavit of merit." Two days later, she filed a motion to supplement the record with an affidavit of merit regarding standard of care, breach, and causation.

{¶ 7} Also on February 13, 2007, Dr. Ransom filed a motion for leave to file a motion for summary judgment instanter. The court granted leave that same day. The motion for summary judgment argued that under Civ.R. 36(A), the requested admissions are deemed admitted as appellant failed to answer them. The admissions were attached and were said to establish that Dr. Ransom did not negligently treat appellant and that he did not cause injury. He also attached his own affidavit stating that he did not breach the standard of care and that he did not cause appellant any injury.

{¶ 8} Dr. Ransom's motion also argued that appellant's complaint could be found to be untimely filed outside the one-year statute of limitations based upon appellant's admissions. He focused on the 180–day letter of October 4, 2004, to show that it was not provided to him within one year of the doctor-patient relationship terminating or within one year of the cognizable event. For instance, one admission provided that her treatment by Dr. Ransom ceased after he performed the January 2003 surgery and was in any case over before October 3, 2003. Another admission provided that before October 3, 2003, she knew her appendix had not been removed during the first surgery. Yet, another admission stated that before she was released after her first appendix surgery, she was told by the chief resident that the appendix had not been removed and that someone told her that the operation did not go as expected.

{¶ 9} On April 3, 2007, appellant filed various motions. First, she moved under Civ.R. 56(F) for additional time to respond to summary judgment. Second, she sought leave to respond to the requests for admissions, claiming a language barrier between herself and counsel and a lack of complete medical records. Third, she asked for oral argument on Dr. Ransom's summary-judgment motion.

{¶ 10} On April 9, 2007, the magistrate granted appellant's February 13 motion for leave to file an amended complaint by April 17, 2007. In this entry, the magistrate also granted appellant's request for leave to respond to summary judgment, ordering a response by May 3, 2007. The magistrate denied the request for oral argument by declaring in this entry that a non-oral hearing would be held on the motion for summary judgment.

{¶ 11} As this entry did not discuss appellant's motion for leave to respond to the requests for admissions, Dr. Ransom filed on April 12, 2007 opposition to appellant's request for such leave to respond. Dr. Ransom noted that the procedural history in the first action proceeded in this same negligent manner, with appellant failing to respond to the request for admissions and with Dr. Ransom filing the same motion for summary judgment based upon the admissions. He pointed out that even when new counsel was specifically told of the omission at the February 13 status conference and in the motion for summary judgment filed that same day, appellant did not seek leave to respond to the November 17, 2006 admissions request until April 3, 2007. Dr. Ransom also contested the reasons provided, stating that appellant's claimed lack of fluency in English should have already been addressed by her attorneys in the form of a translator and that any medical records should have been received from the hospital long ago.

{¶ 12} On April 17, 2007, appellant filed an amended complaint and attached an affidavit of merit provided by a Texas surgeon, who opined that appellant was injured when the standard of care was breached. The complaint also changed some of the causes of action, claiming medical negligence, negligent and intentional misrepresentation, and loss of consortium. Appellant also attached what is alleged to be a January 31, 2003 hospital note, in which the unknown author of the note states that she/he told appellant that the appendix did not make it to pathology and thus it could not be verified as being removed; the note also stated that in surgery, the unknown author and Dr. Ransom were sure they took out the appendix.

{¶ 13} On Friday, May 4, 2007 (one day after the deadline), appellant filed her response to Dr. Ransom's summary-judgment motion, arguing that there were genuine issues of material fact. For instance, she stated that she was informed that the first surgery was successful, even though that surgery did not actually remove her appendix. She urged that Dr. Ransom had the duty to inform her that the surgery was unsuccessful, and instead, he misrepresented his success. She did not attach any evidentiary material to her response. However, she simultaneously filed a motion to strike Dr. Ransom's affidavit on the standard of care as self-serving and a motion under Civ.R. 56 for additional time to file

affidavits and other support, noting her pending motion to answer the request for admissions.

{¶ 14} On June 4, 2007, the magistrate denied appellant's motion for leave to respond to discovery. On June 13, 2007, the magistrate granted summary judgment in favor of Dr. Ransom, finding that there existed no genuine issue of material fact. The magistrate noted that Dr. Ransom served requests for admissions on appellant on November 17, 2006, but that the requests remained unanswered so that they are deemed admitted under Civ.R. 36. The magistrate continued to find that the admissions conclusively established that appellant's claim was not timely filed and that Dr. Ransom did not breach the standard of care or injure appellant.

{¶ 15} On July 9, 2007, the trial court adopted the magistrate's decision, noting that no objections had been filed and that no error of law or defect was found on the face of the decision. Appellant filed notice of appeal. Upon our prompting, the trial court then issued an amended judgment entry in order to specifically state that summary judgment had been granted to Dr. Ransom.

{¶ 16} Upon beginning our merit review, we issued a June 24, 2008 judgment entry holding the appeal in abeyance for the trial court's determination of whether to add Civ.R. 54(B) no-just-reason-for-delay language. This was because the misrepresentation claim, which was based upon later acts and omissions, was still pending, as summary judgment was not sought on that claim. The trial court added this language on August 8, 2008, and the appeal can now proceed.

## ASSIGNMENT OF ERROR NUMBER ONE

{¶ 17} Appellant sets forth nine assignments of error, the first of which provides:

{¶ 18} "The court erred in dismissing the case in that appellants' claim for negligent and intentional misrepresentation remains pending."

{¶ 19} This issue was resolved by our June 24, 2008 judgment entry, which prompted the court to add no-just-reason-for-delay language under Civ.R. 54(B). The case as a whole was not dismissed by the trial court, and, as appellant states, the misrepresentation claim remains pending. Thus, appellant's arguments presented under this assignment of error are moot.

## ASSIGNMENT OF ERROR NUMBER TWO

{¶ 20} Appellant's second assignment of error alleges:

{¶ 21} "The court erred in 'rubber stamping' the magistrate's decision and performing a mere cursory review, not only once but twice."

{¶ 22} Appellant contends that the trial court's judgment entry and amended entry demonstrate that the court failed to conduct a proper review of the magistrate's decision, noting that the amended entry appears to be a cut and paste of the magistrate's decision.

{¶ 23} First, where there are no timely objections filed, "the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). It is only when timely objections are filed that the court must "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶ 24} Here, there were no objections filed, timely or otherwise.[1] Thus, in order to adopt the magistrate's decision, the court was required only to determine that there was no error of law or other defect on the face of the magistrate's decision. In adopting the magistrate's decision, the court specifically found that there was no error of law or other defect on the face of the magistrate's decision. Thus, the trial court did not fail to perform its proper review function.

{¶ 25} We point out here that upon our prompting, in order to create a judgment defining the rights and obligation of the parties, the trial court added that summary judgment was granted to Dr. Ransom. In doing so, the court copied the magistrate's decision into its entry. This was not necessary. Rather, our only issue was with the trial court's mere adoption of the magistrate's decision without stating exactly what the judgment to be appealed actually was. This matter had nothing to do with an alleged insufficient review by the trial court.

{¶ 26} In any event, the cutting and pasting of a magistrate's decision into a judgment entry does not show mere rubber-stamping, especially when the court also sets forth its standard of review. See *Schmidli v. Schmidli*, 7th Dist. No. 02BE63, 2003-Ohio-3274, 2003 WL 21443742, ¶ 16 (anticipating that courts will copy magistrates' decisions in order to comply with the requirement of issuing a judgment defining the rights and obligations of the parties). See also *Jarvis v. Witter*, 8th Dist. No. 84128, 2004-Ohio-6628, 2004 WL 2830789, ¶ 39 (upon accusation of rubber-stamping, the court held that the trial court is not obligated

---

1. Appellant mentions that two of the magistrate's pretrial orders were not sent to the current address of appellant's newest counsel. However, counsel apparently straightened this problem out, because the June 13, 2007 magistrate's decision granting summary judgment (which is the one at issue here) was sent to the address counsel states is his correct address. Nonetheless, counsel does not suggest that this decisive decision of June 13 was not properly served upon him. We also note that all entries were served on appellant's other counsel, who never withdrew from representation.

to modify the magistrate's decision when it fully agrees with that decision), citing *Madama v. Madama* (Sept. 3, 1998), 8th Dist. No. 73288, 1998 WL 563997. Instead, it shows that the court agrees with each statement of the magistrate. This assignment of error is overruled.

## ASSIGNMENT OF ERROR NUMBER THREE

{¶ 27} Appellant's third assignment of error argues:

{¶ 28} "Judge Charles Bannon has no authority over the case and it is error for anyone other than the assigned trial judge to grant summary judgment."

{¶ 29} Appellant complains here that the original complaint and the refiled complaint were assigned to Judge Cronin, noting that she granted Dr. Ransom's February 13, 2007 motion for leave to file his summary-judgment motion. However, it was Visiting Judge Bannon who adopted the magistrate's summary-judgment decision in favor of Dr. Ransom in a July 9 entry and an October 30, 2007 amended entry.

{¶ 30} Appellant complains that this violated Sup.R. 36(B)(1), which essentially provides that once a case is assigned to a judge, that judge is primarily responsible for the determination of every issue in the case until its termination. Appellant also cites Sup.R. 36(D), which states that when a previously dismissed case is refiled, the case shall be assigned to the judge originally assigned to the case unless, for good cause shown, that judge is precluded from hearing the case. Appellant concludes that Judge Cronin did not make assignment of the case to Judge Bannon before she retired and that Judge Bannon otherwise had no authority in the case.

{¶ 31} On April 18, 2008, we granted Dr. Ransom leave to supplement the record with a copy of an order from the Chief Justice of the Ohio Supreme Court assigning Judge Bannon to the Mahoning County Common Pleas Court between May 29, 2007, and August 26, 2007, and to conclude any proceedings in which he had participated that are pending at the end of that period. This is permissible under Section 5(A)(3), Article IV of the Ohio Constitution. Thus, Judge Bannon had authority to act in this case. See, e.g., *Marino v. Oriana House, Inc.*, 9th Dist. No. 23389, 2007-Ohio-1823, 2007 WL 1138424, ¶ 4–10 (appellate court can take judicial notice of certificate of assignment if such was never placed in individual docket); *State v. Baumgartner*, 6th Dist. No. OT–03–013, 2004-Ohio-3907, 2004 WL 1662193, ¶ 11 (even if the certificate of assignment was entirely absent from a case record, it would not void the jurisdiction of the court or authority to issue judgments and orders in the case); *State v. Corradetti*, 11th Dist. No. 2001–L–092, 2002-Ohio-6577, 2002 WL 31716790, ¶ 11–12; *Wissel v. Ohio High School Athletic Assn.* (1992), 78 Ohio App.3d 529, 532, 605 N.E.2d 458;

*Williams v. Banner Buick, Inc.* (1989), 60 Ohio App.3d 128, 134, 574 N.E.2d 579. This assignment of error is overruled.

## ASSIGNMENT OF ERROR NUMBER FOUR

{¶ 32} Appellant's fourth assignment of error contends:

{¶ 33} "The court erred in denying appellants' rule 56(F) motion for additional time to respond."

{¶ 34} Appellant complains that the court abused its discretion in failing to grant her May 4, 2007 motion for additional time to respond to Dr. Ransom's summary-judgment motion, which was filed along with her response to summary judgment. This motion for additional time stated as a reason that appellant had a pending motion for leave to answer defendant's requests for admissions. It also stated that expert and fact testimony have not been developed due to procedural motions filed by the defendants.

{¶ 35} Civ.R. 56(F) provides:

{¶ 36} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

{¶ 37} Thus, the motion for additional time must be supported by the nonmovant's affidavit, which contains sufficient reasons to show why such party cannot obtain an affidavit of facts to oppose the summary judgment. The decision to allow additional time under Civ.R. 56(F) is within the trial court's sound discretion. *Kristian v. Youngstown Orthopedic Assoc.*, 7th Dist. No. 03MA189, 2004-Ohio-7064, 2004 WL 2980344, ¶ 18.

{¶ 38} First of all, although appellant implicitly urged that she could not file an affidavit to support her response to Dr. Ransom's motion for summary judgment, she failed to file the affidavit required in order to receive additional time under Civ.R. 56(F). See id. at ¶ 19. As appellant failed to support her Civ.R. 56(F) motion as required by that rule, the court could not abuse its discretion in denying her request for time. See *State ex rel. Coulverson v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352 (court cannot act pursuant to Civ.R. 56(F) when no true affidavit is presented to support the request for an extension).

{¶ 39} Moreover, the reasons given in the Civ.R. 56(F) motion itself could be considered insufficient by a reasonable trial court. That is, appellant's pending motion for leave to respond to the defendant's request for admissions did not

preclude appellant from composing an affidavit concerning her claim or to secure the affidavit of the physician who ended up removing the appendix to show that it had not previously been removed.

{¶ 40} Contrary to appellant's other argument, Dr. Ransom's motion regarding appellant's failure to file an affidavit of merit with the complaint does not necessarily postpone the ability to develop expert and fact testimony. In fact, appellant secured an affidavit on February 13, 2007, regarding the standard of care and the breach thereof.

{¶ 41} Notably, summary judgment does not depend on full discovery being completed. Id. at ¶ 14–17. Rather, Civ.R. 56(F) is for use when the nonmovant, for some valid reason, cannot even compose an affidavit to justify the denial of summary judgment. Id.

{¶ 42} Additionally, although the summary-judgment motion was filed on February 13, 2007, appellant initially sought additional time under Civ.R. 56(F) on April 3, 2007. *The magistrate granted that request and gave appellant until May 3, 2007, to respond. Instead, appellant waited until May 4 (a day late) to respond and to seek more time to respond, seemingly without accomplishing anything during the leave previously granted.* See *Coleman v. Cleveland School Dist. Bd. of Edn.*, 8th Dist. Nos. 84274 and 84505, 2004-Ohio-5854, 2004 WL 2491662, ¶ 22 (request filed on day response is due is a reason to consider denying Civ.R. 56(F) request for additional time).

{¶ 43} Finally, as appellee points out, appellant failed to object to the magistrate's grant of summary judgment, which decision also necessarily denied appellant's motion for additional time. As such, the trial court was required only to review the magistrate's decision for an error or other defect evident on the face of that decision, and any other error is waived. See Civ.R. 53(D)(4)(c). See also Civ.R. 53(D)(3)(b)(ii) and (iv). For all of these reasons, the refusal to grant Civ.R. 56(F) additional time to respond to Dr. Ransom's summary-judgment motion is upheld.

## ASSIGNMENT OF ERROR NUMBER FIVE

{¶ 44} Appellant's fifth assignment of error provides:

{¶ 45} "The court erred in denying appellants' motion for leave to respond to discovery requests and admissions."

{¶ 46} On November 17, 2006, Dr. Ransom submitted requests for admissions to appellant to be answered within 28 days. (These are said to be identical to requests submitted in the dismissed action, to which appellant had also failed to respond.) Dr. Ransom filed a motion for summary judgment on February 13, 2007, based upon the principle that admissions not answered are deemed admit-

ted under Civ.R. 36(A) and conclusively establish the content of the admissions under Civ.R. 36(B).

{¶ 47} Although a status hearing was held on February 13, 2007, where appellant was reminded about the outstanding request for admissions, it was not until April 3, 2007, that appellant sought leave to respond to Dr. Ransom's requests for discovery and admissions in a motion consisting of three sentences. The motion claimed a limited English proficiency causing difficulties in communicating with counsel. The motion also alleged that the medical records were not complete and that her responses were dependent upon those records. The magistrate denied her motion for leave to respond to the discovery requests.

{¶ 48} Appellant complains here that the magistrate's order was served upon her newest counsel at an old address. As appellee points out, the magistrate's order was also apparently successfully served upon appellant's other counsel, who had never withdrawn from representation. Thus, appellant is considered to have been served with the order, from which a motion to set aside the magistrate's pretrial order could have been filed under Civ.R. 53(D)(2)(b). Moreover, the newer attorney's address was corrected for purposes of the magistrate's decision granting summary judgment just days later. Still, no objections were filed with the trial court.

{¶ 49} Appellant's main complaint here is that the magistrate's order fails to state the reason for denial of her motion and that the magistrate abused its discretion in failing to find the reasons she gave to be sufficient reasons for an extension of time to respond to discovery. As to the former complaint, appellant cites no law requiring a magistrate's order to provide reasons for denying a discovery extension, and Civ.R. 53 contains no such requirement. See Civ.R. 53(D)(2)(a)(i) (concerning a magistrate's *order*). Cf. Civ.R. 53(D)(3)(a)(ii) (concerning a magistrate's *decision* and still stating that "a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law").

{¶ 50} As for appellant's reasons for seeking leave, the trial court could reasonably have found that appellant's reasons were insufficient to establish good cause under the various facts and circumstances of the case. See *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 67, 20 OBR 364, 485 N.E.2d 1052 ("Under compelling circumstances, the court may allow untimely replies to avoid the admissions"). See also Civ.R. 36(B) (court "may permit amendment or withdrawal of admissions").

{¶ 51} First, appellant did not file her answers to the requests for admissions along with the motion for leave. Thus, she was not merely seeking leave to

respond; rather, she was seeking leave plus a further unspecified extension of time.

{¶ 52} Second, the discovery request for admissions was served upon appellant in mid-November 2006. Yet, she did not seek leave to respond until April 3, 2007; this was nearly two months after Dr. Ransom filed his motion for summary judgment, a motion that was based upon the failure to respond to his request for admissions.

{¶ 53} Notably, Dr. Ransom pointed out in his opposition to her request for leave that the request for admissions, the failure to respond to that request, and the summary-judgment motion based upon that failure constituted the same sequence of events that occurred in the original action filed by appellant and then voluntarily dismissed before summary judgment could be entered.

{¶ 54} The trial court also could have reasonably determined that a Spanish interpreter could have been easily obtained if it was that difficult for counsel to communicate with his clients. In addition, although the newest counsel may have taken the case in December 2006, there still existed co-counsel, who presumably had a way of communicating with the clients throughout the prior lawsuit and its refiling.

{¶ 55} Moreover, the requests were basic. There were merely 14 related questions. They were based upon appellant's own personal knowledge. For instance, obviously she believed that Dr. Ransom did not meet the standard of care and that he caused her injury, or she would not have sued him; thus, it was simple to answer the first and second questions. Further demonstration of the simplicity of the questions is embodied in the third and fourth questions, which merely ask whether she knew she was scheduled to have her appendix or some other organ removed. She was also asked whether she knew and/or whether someone told her before a certain date whether her appendix had not in fact been removed. None of the questions required technical information or medical records, which should have been obtained by then in any case.

{¶ 56} Appellants' brief talks about original counsel falling ill as a reason for the failures in the prior case, the dismissal of that case, and the retention of the newest attorney; however, this was not provided as a reason to the trial court in the April 3, 2007 request for leave to respond to discovery. Finally, as stated above, appellant failed to even object to the entry of summary judgment against her. For all of these reasons, given the circumstances existing in this particular case, the trial court could reasonably determine in its sound discretion that the request for leave was untimely and that the reasons given were not sufficient.

{¶ 57} Appellant's additional complaint here, that the court failed to review the magistrate's order, is discussed where it is raised as an assignment of error immediately below.

## ASSIGNMENT OF ERROR NUMBER SIX

{¶ 58} Appellant's sixth assignment of error alleges:

{¶ 59} "The court erred failing to properly assign matters to the magistrate and failing to properly exercise its duty to review and evaluate the magistrate's decisions."

{¶ 60} Besides the duplicative arguments already presented in assignment of error number two, appellant presents two arguments under this assignment. First, she complains that there are no journal entries evidencing any assignment to a magistrate. However, appellant cites no law in support of this complaint.

{¶ 61} The relevant rule provides that a trial court may appoint an Ohio attorney as a magistrate. Civ.R. 53(A). The scope of a magistrate's authority is to assist the trial court and, subject to the terms of the relevant reference, the magistrate can determine any motion in any case. Civ.R. 53(C)(1)(a). Cf. former version (regarding "order of reference" in a case). As to this relevant reference, a trial court may refer "a particular case or matter *or a category of cases or matters to a magistrate by a specific or general order of reference or by rule.*" (Emphasis added.) Civ.R. 53(D)(1)(a). See also 2006 Staff Note to Civ.R. 53(D) (rule amended, effective July 1, 2006, to recognize court practice of standing orders of reference).

{¶ 62} Nothing provides that the order of reference must be filed in each case in which a magistrate proceeds. That is, the rule does not require that a general order of reference, for pretrial motions in all civil cases, for instance, be refiled in each case in which the magistrate proceeds.

{¶ 63} In any event, there is no indication that appellant objected to the magistrate's presence at the April 9, 2007 hearing before such magistrate where the relevant reference could have been produced or explained. Nor did appellant object from the magistrate's decision of June 13, 2007, granting summary judgment to Dr. Ransom.

{¶ 64} An appeal is not the appropriate place to raise procedural issues regarding the magisterial assignment for the first time. See, e.g., *Callos Professional Emp., L.L.C. v. Greco,* 7th Dist. No. 06MA172, 2007-Ohio-4983, 2007 WL 2758663, ¶ 33 (comparing special master to magistrate and concluding that if a party does not move for a special master's removal in a timely manner, then he

waives any objection to the special master's ability to hear the case). Accordingly, this argument lacks merit.

{¶ 65} Second, appellant complains that the court never reviewed two of the magistrate's decisions, referring to the April 9, 2007 order granting appellant leave to file an amended complaint and leave to respond to Dr. Ransom's summary judgment and the June 4, 2007 order denying appellant's motion for leave to respond to discovery. However, these entries are considered magistrate's *orders,* not magistrate's *decisions.* See Civ.R. 53(D)(2) versus (D)(3). As such, court approval was not necessary. See Civ.R. 53(D)(2)(a)(i). Further, as aforementioned, appellant never objected to the magistrate's decision granting summary judgment where she could have voiced any complaints about the way the case had proceeded. Finally, appellant seems to note this matter only in order to bolster her claim that the trial court did not sufficiently review the June 13, 2007 magistrate's decision granting summary judgment to Ransom as raised in assignment of error number two and as reargued here. For all of these reasons, this assignment of error is overruled.

## ASSIGNMENT OF ERROR NUMBER SEVEN

{¶ 66} Appellant's seventh assignment of error provides:

{¶ 67} "The court erred in addressing appellant's motion for summary judgment."

{¶ 68} Initially, we note that appellant means to say that the court erred in addressing *appellee's* motion for summary judgment. This argument is based upon the following procedural history. On February 13, 2007, Dr. Ransom sought leave to file a summary-judgment motion instanter, believing that that leave was necessary under Civ.R. 56 because the matter was scheduled for status hearing that day. See Civ.R. 56(A) ("If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court"). Simultaneously, he filed the motion for summary judgment and memorandum in support. That same day, the court "[u]pon motion and for good cause shown" granted Dr. Ransom leave to file his motion for summary judgment.

{¶ 69} Appellant now argues that the motion filed before leave was granted is not deemed to be filed, noting that the order granting leave did not mention instanter filing. She thus concludes that she had no obligation to respond and that the court should not have ruled on the motion.

{¶ 70} As to the language of the court's entry, the court specified that it was granting leave based upon the motion filed by Dr. Ransom, which sought leave to file instanter. Next, we note that contrary to appellant's claim, our statement in *Capital One v. Toney* that Toney had no obligation to respond to summary

judgment until the court granted Capital One leave to file instanter does not mean that the motion filed with the instanter motion had to be refiled after the court granted leave. See *Capital One v. Toney*, 7th Dist. No. 06JE28, 2007-Ohio-1571, 2007 WL 969420, ¶ 47 (where court ruled on summary-judgment motion a mere four days after granting leave to file motion instanter). One of the functions of an instanter motion is to allow the motion filed simultaneously therewith to be accepted as filed without further action by the movant; otherwise, the party would merely ask for leave to file in the future without filing the motion at the same time or seeking instanter leave.

{¶ 71} Even when a motion is merely attached to the instanter motion rather than separately filed, courts have held that a trial court is within its discretion to consider a pleading that is properly attached to a motion for leave to file instanter. *Lee v. Norton*, 8th Dist. No. 88347, 2007-Ohio-534, 2007 WL 416944, ¶ 9, citing *Wilsman & Schoonover, L.L.C. v. Millstein*, 8th Dist. No. 82006, 2003-Ohio-3258, 2003 WL 21434300, and *Tomko v. McFaul* (1999), 133 Ohio App.3d 742, 729 N.E.2d 832. Here, the summary-judgment motion was filed and separately time-stamped along with the instanter motion.

{¶ 72} In any event, appellant filed a response to the motion for summary judgment here, and in twice seeking leave for additional time to respond, appellant did not argue that there did not exist a properly filed motion for summary judgment. See *Gross v. Fizet* (Dec. 18, 2001), 7th Dist. No. 00CA250, 2001 WL 1667864 (court can permit late motion implicitly), citing *Indermill v. United Sav.* (1982), 5 Ohio App.3d 243, 244, 5 OBR 530, 451 N.E.2d 538 (where leave not granted in writing and where nonmovant had responded to motion). Additionally, appellant did not object to the magistrate's decision granting summary judgment on this or any other ground. For all of these reasons, this assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER EIGHT

{¶ 73} Appellant's eighth assignment of error contends:

{¶ 74} "The court erred in denying appellant's request for oral argument on motion for summary judgment filed April 3, 2007."

{¶ 75} Appellant cites Civ.R. 7(B)(2), which provides that the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition. Appellant believes that the court violated this rule by failing to rule on her April 3, 2007 motion for oral argument on Dr. Ransom's summary-judgment motion or by otherwise making provision for nonoral hearing under

Civ.R. 7(B)(2). Dr. Ransom urges that appellant waived this issue by failing to file objections from the magistrate's summary-judgment decision.

{¶ 76} In any case, the court did in fact issue a ruling under Civ.R. 7(B)(2). On April 9, 2007, after ruling on other motions filed by appellant, the court ruled that summary judgment would proceed by nonoral hearing. Thus, this assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER NINE

{¶ 77} Appellant's ninth and final assignment of error alleges:

{¶ 78} "The court erred in granting appellee's motion for summary judgment in that there are genuine issues of material fact."

{¶ 79} Once again, the procedural flaws in this case preclude appellant's claim. She claims there exists a genuine issue of material fact and points to all of her allegations and the affidavit of merit of a physician that she attached only to her amended complaint. She also complains that Dr. Ransom's affidavit was a self-serving expert opinion on the standard of care and injury. However, there are problems with these arguments.

{¶ 80} Pursuant to Civ.R. 56(B), a defendant may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim. A summary judgment shall not be rendered unless it appears, after viewing the evidence in the light most favorable to the nonmovant, that reasonable minds can only come to a conclusion that is adverse to the nonmovant. Civ.R. 56(C). Summary judgment shall be rendered if the timely filed pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id. No evidence or stipulation may be considered except as stated in the rule. Id.

{¶ 81} Contrary to appellant's suggestion, a doctor's own affidavit can be considered in determining whether the standard of care was met at the summary-judgment stage. *Hoffman v. Davidson* (1987), 31 Ohio St.3d 60, 61, 31 OBR 165, 508 N.E.2d 958. Second, we point to our resolution of assignment of error number five concerning the decision to deny leave to respond to discovery. If this leave was properly denied as found in that assignment, then Dr. Ransom presented not only an affidavit to support his initial burden, but he also presented appellant's own admissions that he did not breach his standard of care in performing the surgery. See *Colonial Credit Corp. v. Dana*, 7th Dist. No. 06MA100, 2007-Ohio-597, 2007 WL 446033, ¶ 13 (if a party does not timely respond to a request for admissions, those matters are deemed admitted and may

be used against the party for summary-judgment purposes); *Dobbelaere v. Cosco, Inc.* (1997), 120 Ohio App.3d 232, 244, 697 N.E.2d 1016 (motion for summary judgment may be based upon admissions by default); *Klesch v. Reid* (1994), 95 Ohio App.3d 664, 674–675, 643 N.E.2d 571 (written-admissions evidence in Civ.R. 56(C) is satisfied by admissions by default under Civ.R. 36(A) where written and unanswered admissions were attached to summary-judgment material); *T & S Lumber Co. v. Alta Constr. Co.* (1984), 19 Ohio App.3d 241, 19 OBR 393, 483 N.E.2d 1216 (providing more detailed analysis of the issue).

{¶ 82} Contrary to appellant's next argument, her response to summary judgment does not cure the problem of her admissions or otherwise properly establish a genuine issue of material fact. That is, appellant filed a response to the motion for summary judgment but failed to attach any evidence under Civ.R. 56. For instance, appellant did not attach the affidavit of the later physicians who actually removed her appendix. She did not serve requests for admissions or interrogatories upon Dr. Ransom. Most notably, she did not even submit her own affidavit or that of her husband. These affidavits were not difficult to obtain, because she and her husband are the plaintiffs herein. The statements of counsel in a motion are arguments but are not evidence that a court can rely upon to find a genuine issue of material fact. Likewise, a response to summary judgment cannot rely on the pleadings alone. Civ.R. 56(E). This rule addresses responses to summary-judgment motions and provides:

{¶ 83} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

{¶ 84} Appellant urges that her response to summary judgment showed a genuine issue of material fact by referring to the affidavit of merit, which had been attached to the amended complaint (as is now required for the mere filing of a medical-malpractice action). This affidavit of merit was written by a Texas surgeon, who stated that he reviewed the medical records available to the plaintiff and who opined that the standard of care was breached, causing injury. However, this affidavit was attached only to appellant's complaint and was not attached to her response to summary judgment.

{¶ 85} Even if one could determine that this is more than merely relying on the pleadings, appellant's own admissions contradict her expert's opinion and admit that the standard of care was not breached and that she was not injured. (According to Dr. Ransom, the admissions also show that the statute of limitations was violated; however, this is an alternative argument into which we need

not delve.) As Dr. Ransom points out, a failure to respond to a request for admissions deems the matter admitted, and matters that are admitted are conclusively established. Civ.R.36(A) and (B).

{¶ 86} In any event, Civ.R. 10(D)(2)(d) provides: "An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment." Thus, the affidavit of merit is for purposes of filing a medical malpractice only and is not otherwise to be used as admissible evidence. Thus, it cannot be used as summary-judgment evidence. See Civ.R. 56(E) (requiring affidavit to set forth facts that are admissible in evidence).

{¶ 87} Similarly, the affidavit of merit does not set forth specific facts showing the genuine issue for trial. Even if an affidavit of merit that is required merely in order to file the complaint is not subject to this requirement, an affidavit used for purposes of avoiding summary judgment is required to list the facts and not merely state final conclusory opinions on liability. Civ.R. 56(E) (referring to nonmovant's response). Cf. Civ.R. 10(D)(2)(a)(i) through (iii) (for contents of affidavit of merit). See also *Fryberger v. Lake Cable Recreation Assn., Inc.* (1988), 40 Ohio St.3d 349, 353, 533 N.E.2d 738 (rule states that supporting affidavits shall set forth such facts as would be admissible in evidence). We also note that the affidavit finds a breach "by one or more of the defendants" and refers to Dr. Ransom and related entities and St. Elizabeth Hospital and related entities, without specifically finding a breach by Dr. Ransom.

{¶ 88} Finally, *appellant did not object to the magistrate's decision granting summary judgment.* One cannot object to an error on appeal that was not raised to the trial court who adopted a magistrate's decision. Civ.R. 53(D)(3)(a)(iii) and (D)(3)(b)(iv). Thus, all but plain error or error on the face of the decision is waived. See Civ.R. 53(D)(3)(b)(iv) and (D)(4)(c). Because the face of the decision shows no defect or other error of law, the trial court did not err in adopting the decision of the magistrate. There is also no indication of plain error due to the inadequacy of the response to summary judgment. This assignment of error is overruled.

{¶ 89} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

WAITE and DEGENARO, JJ., concur.